1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9    MANUEL A. VELA,                              Case No. 1:20-cv-00588-EPG-HC

10              Petitioner,                       ORDER TO SHOW CAUSE WHY
                                                  PETITION SHOULD NOT BE DISMISSED
11        v.

12   W.L. MONTGOMERY,

13              Respondent.

14

15        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                                            **I.**

18                                       **DISCUSSION**

19        Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a

20   habeas petition and allows a district court to dismiss a petition before the respondent is ordered

21   to file a response, if it "plainly appears from the petition and any attached exhibits that the

22   petitioner is not entitled to relief in the district court."

23        A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

24   must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

25   on comity to the state court and gives the state court the initial opportunity to correct the state's

26   alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

27   Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

28   providing the highest state court with a full and fair opportunity to consider each claim before

1

1    presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

2    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

3        If Petitioner has not sought relief in the California Supreme Court for the claims that he

4    raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C.

5    § 2254(b)(1). Here, Petitioner raises two claims for relief: (1) insufficient evidence to support the

6    jury's finding of specific intent for aggravated mayhem; and (2) ineffective assistance of counsel.

7    (ECF No. 1 at 5, 7).[1] It appears that Petitioner has not presented his ineffective assistance of

8    counsel ("IAC") claim to the California Supreme Court. (ECF No. 1 at 7–8).

9        The Court must dismiss without prejudice a mixed petition containing both exhausted and

10   unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. See

11   Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted

12   claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th

13   Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their

14   mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[2] A

15   petitioner may also move to withdraw the entire petition and return to federal court when he has

16   finally exhausted his state court remedies.[3]

17       Additionally, a petitioner may also move to stay and hold in abeyance the petition while

18   he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v.

19   Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey,

20   481 F.3d 1143, 1149 (9th Cir. 2007). Under Rhines, "stay and abeyance" of a federal habeas

21   petition while the petitioner presents unexhausted claims to the state court is available in limited

22   circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the

23   _____

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

24   [2] The Court notes that if Petitioner chooses to withdraw his unexhausted IAC claim, he may not be able to raise it
     later in federal court. See Burton v. Stewart, 549 U.S. 147, 154 (2007) (rejecting supposition that petitioner with

25   unexhausted claims "who elects to proceed to adjudication of his exhausted claims may later assert that a subsequent
     petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first

26   petition").
     [3] The Court notes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year

27   period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).
     Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28

28   U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v.
     Walker, 533 U.S. 167, 181–82 (2001).

1  unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally

2  engage in dilatory litigation tactics. 544 U.S. at 277–78.

3        Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to

4  delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted

5  petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state

6  court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court,

7  the petitioner may return to federal court and amend his federal petition to include the newly-

8  exhausted claims. 315 F.3d at 1070–71. However, a petitioner's use of Kelly's three-step

9  procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any

10 newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must

11 be timely or relate back, i.e., share a "common core of operative facts," to claims contained in

12 the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143

13 (9th Cir. 2009).

14                                    **II.**

15                                  **ORDER**

16        Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why

17 the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY**

18 **(30) days** from the date of service of this order.

19        Petitioner is forewarned that failure to follow this order may result in a recommendation

20 for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's

21 failure to prosecute or to comply with a court order may result in a dismissal of the action).

22
    IT IS SO ORDERED.
23

24    Dated:    **April 28, 2020**              /s/ _Erica P. Grosjean_
25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28