# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. VELA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY,<br><br>    Respondent. | Case No. 1:20-cv-00588-EPG-HC<br><br>ORDER DIRECTING PETITIONER TO NOTIFY THE COURT REGARDING HOW PETITIONER WISHES TO PROCEED |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 28, 2020, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 4). On May 15, 2020, Petitioner requested to file an amended petition, conceding that his ineffective assistance of counsel ("IAC") claim "should be dismissed <u>without prejudice</u> until Petitioner exhausts his state remedies." (ECF No. 5).

Given that Petitioner emphasizes that his IAC claim should be dismissed *without prejudice*, it appears that Petitioner may wish to raise his IAC claim at a later date after exhausting state remedies. As previously noted in the order to show cause, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. <u>Anthony v. Cambra</u>, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants

with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). However, if Petitioner chooses to withdraw his unexhausted IAC claim, he may not be able to raise the IAC claim later in federal court. See Burton v. Stewart, 549 U.S. 147, 154 (2007) (rejecting supposition that petitioner with unexhausted claims "who elects to proceed to adjudication of his exhausted claims may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition").

As previously set forth in the order to show cause, a petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[1]

Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005);[2] Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).[3]

Accordingly, IT IS HEREBY ORDERED that within **THIRTY (30) days** from the date of service of this order, Petitioner shall either:

    a. Notify the Court that he chooses to withdraw his unexhausted ineffective assistance of counsel claim and proceed only on his exhausted sufficiency of the evidence claim,

---

[1] The Court notes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

[2] Under Rhines, "stay and abeyance" of a federal habeas petition while the petitioner presents unexhausted claims to the state court is available in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

[3] Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71. However, a petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

which would prevent Petitioner from raising his IAC claim later in federal court; OR

b. Notify the Court that he wishes to voluntarily withdraw the instant petition without prejudice to refiling his claims after he has exhausted his state court remedies, subject to any statute of limitations issues, OR

c. Notify the Court that he wishes to move to stay the petition under Rhines v. Weber, 544 U.S. 269 (2005), and/or Kelly v. Small, 315 F.3d 1063 (9th Cir 2003)).

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **May 18, 2020**            /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3