# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. VELA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY,<br><br>    Respondent. | Case No. 1:20-cv-00588-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S REQUEST TO FILE FIRST AMENDED PETITION AND TO GRANT REQUEST TO PROCEED WITH <u>KELLY</u> STAY<br><br>(ECF Nos. 5, 8)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On April 28, 2020, the Court ordered Petitioner to show cause why Petitioner's mixed petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 4). On May 15, 2020, Petitioner requested to file an amended petition, conceding that his ineffective assistance of counsel ("IAC") claim "should be dismissed <u>without prejudice</u> until Petitioner exhausts his state remedies." (ECF No. 5).

    On May 18, 2020, the Court ordered Petitioner to notify the Court regarding how he wished to proceed. (ECF No. 7). On June 4, 2020, Petitioner requested that the Court stay and hold the petition in abeyance. (ECF No. 8). Given "that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims," the

undersigned shall submit findings and recommendation rather than rule on the motion. Mitchell v. Valenzuela, 791 F.3d 1166, 1171, 1173–74 (9th Cir. 2015).

Petitioner has lodged with the Court a first amended petition that contains only his exhausted due process violation claim. (ECF No. 6). Accordingly, the Court construes that Petitioner is requesting to proceed with the stay procedure pursuant to Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a *pro se* motion to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally).

Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71. However, a petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

**RECOMMENDATION AND ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Petitioner's request to file a first amended petition (ECF No. 5) and request to stay the petition pursuant to Kelly (ECF No. 8) be GRANTED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 8, 2020**          /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE